# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON P. HUNTER,           )
                                    )
            **Plaintiff,**         )
                                    )
**vs.**                          )      **CIVIL NO. 07-cv-327-JPG**
                                    )
**MEARL JUSTUS,** *et al.*,     )
                                    )
            **Defendants.**    )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly an inmate in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

While he was in the St. Clair County Jail, Plaintiff visited the nurse due to a rash; he was

diagnosed with shingles. A blood sample was taken for testing, for which Plaintiff was expected to pay. Shortly thereafter, Plaintiff was transferred to segregation on a disciplinary matter that is apparently unrelated to this action. After that, Plaintiff alleges that he was kept in segregation on medical quarantine. No further treatment was provided, because Plaintiff refused to pay the $5.00 co-pay. When Plaintiff learned that his refusal to pay would result in indefinite confinement to quarantine, he advised Defendant Napp that he would submit to the blood test. Apparently that request was not honored.

It is difficult to discern what this case is really about. Is Plaintiff upset that he was kept in medical quarantine instead of general population, or is he upset over the requirement of a medical co-payment? The Court finds, first, that he has no constitutional claim with respect to the co-payment, as courts have consistently held that such a co-payment plan is not unconstitutional. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

As for confinement to medical quarantine for shingles? That is hardly an unreasonable decision. Shingles only develops in individuals who contracted chicken pox earlier in life; events such as disease, stress or aging may trigger the onset of shingles. Although shingles itself is not

contagious, the virus that causes it – herpes zoster – is very contagious and can easily infect others with chicken pox.[1] An outbreak of chicken pox among adults in a county jail would not be desirable; keeping Plaintiff in medical quarantine was the responsible thing to do.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: September 29, 2008.**

s/ J. Phil Gilbert
**U. S. District Judge**

---

[1] This general overview of shingles was summarized from the website WebMD, http://www.webmd.com/skin-problems-and-treatments/shingles/shingles-topic-overview (accessed September 25, 2008).